IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN FISHER, Jr., | ) |
| Plaintiff, | ) |
| v. | ) No. 3:14-cv-01795 |
| UNITED STATES MARSHALS SERVICE, et al., | ) JUDGE SHARP |
| Defendants. | ) |

## MEMORANDUM

Plaintiff John Fisher, Jr., pre-trial detainee housed in the Robertson County Detention Center in Springfield, Tennessee, has filed this *pro se* civil rights action under 42 U.S.C. § 1983 (ECF No. 1), alleging violations of his federal constitutional rights. The Complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.   Standard of Review

Under the PLRA, the Court must conduct an initial review of any civil complaint filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c).  Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).  The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in *pro se* suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.     Factual Allegations

Plaintiff alleges that he has received inadequate medical treatment in the Robertson County Detention Center. Specifically, he alleges that he suffered a groin injury when he fell out of his top bunk, which has led to pain, severe inflammation and infection of his testicle. (ECF Nos. 1, 8.) After several days' delay, he was taken to the emergency room and admitted to the hospital for treatment, but jail staff did not provide the prescribed course of antibiotics and pain medication once he was returned to jail, resulting in continuing pain and swelling (ECF No. 8.) Additionally, Plaintiff alleges that jail staff have ignored his requests for treatment related to a missing tooth filling (with related pain), the need for glasses (and related headaches) and a golf-ball sized cyst. (*Id.*)

Plaintiff also alleges that the jail is violating his right to access the courts by failing to provide legal assistance or a legal library for his use.

Plaintiff seeks injunctive relief, including release or transfer to another facility.

## III.    Discussion

Plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal

constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff names the Robertson County Jail as a Defendant to this action. It is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Because Plaintiff has not claimed that the alleged Eighth Amendment violation was carried out under the authority of an unconstitutional policy or custom adopted by the county, he would not state a claim against Robertson County even if he named the county as a defendant in lieu of the jail. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County."). His suit, therefore, fails to state a claim under § 1983. Accordingly, Plaintiff's claims against the Robertson County Detention Center will be **DISMISSED**.

The U.S. Marshals Service, a federal agency, is also not a proper defendant to a § 1983 lawsuit, and would be immune even from the type of lawsuit that could properly be brought against federal employees:

> The federal government and its officials are not subject to suit under 42 U.S.C. § 1983. Moreover, even if the district court had construed the complaint as one filed under the authority of *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 390–97 (1971), because it was filed against the defendant in his official capacity, it would be barred by sovereign immunity.

*Franklin v. Henderson*, No. 00-4611, 2000 WL 861697, at *1 (6th Cir. June 20, 2011) (citations omitted); *Fagan v. Luttrell*, No. 97-6333, 2000 WL 876775, at *3 (6th Cir. June 22, 2000) ("*Bivens* claims against the United States are barred by sovereign immunity"). Sovereign immunity bars even suits for declaratory and injunctive relief against the United States or its agencies. *Wolverton v. United States*, No. 96-5224, 1997 WL 85153, at *4 (6th Cir. Feb. 26, 1997). Plaintiff's claims against the U.S. Marshals Service will therefore be

**DISMISSED**.

With respect to Plaintiff's complaint about the lack of access to a law library, "[t]he First Amendment protects an inmate's right to access to the courts, but not necessarily his access to all the legal assistance or materials he may desire." *Tinch v. Huggins*, No. 99–3436, 2000 WL 178418, at *1 (6th Cir. Feb. 8, 2000) (citing *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985)). To state a claim for denial of access to the courts, a plaintiff must demonstrate that he suffered actual injury. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A prison official may be held liable for the deprivation of this First Amendment right only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil-rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir.1999). Plaintiff has not alleged any such injury in this case, and his ability to file his Complaint and nine additional submissions in this matter in less than one month indicate that his right to access the Court has not been curtailed. Plaintiff's claim for violation of his right to access the courts will therefore be **DISMISSED**.

The Court concludes, however, that Plaintiff's allegations about the failure to treat his on-going health problems are sufficiently serious to state a non-frivolous claim for violation of his right to minimally adequate medical care guaranteed by the Constitution. Deliberate indifference to a prisoner's serious medical needs "constitutes the unnecessary and wanton infliction of pain" and violates the Eighth Amendment. *Ruiz v. Martin*, 72 F. App'x 271, 275 (6th Cir. 2003) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The fact that Plaintiff may be a pretrial detainee rather than a convicted prisoner does not alter this analysis, as pretrial detainees have an analogous right under the Fourteenth Amendment. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Villegas v. Metro. Gov't of Nashville*, 709 F3d 563, 570 (6th Cir. 2013). Construing the Complaint liberally in Plaintiff's favor, the Court finds that he has identified sufficiently serious medical needs for which he is not receiving either the prescribed treatment or any treatment at all. Accordingly, process shall issue on this claim.

**IV. CONCLUSION**

For the reasons set forth herein, Plaintiff's claim for violation of the right to access the courts and all claims against the Robertson County Detention Center and the U.S. Marshals Service will be **DISMISSED with prejudice** for failure to state a claim for which relief can be granted. Process shall issue on the remaining defendants solely with respect to Plaintiff's claim for deliberate indifference to serious medical needs. An appropriate Order is filed herewith.

It is so **ORDERED**.

_Kevin H. Sharp_
KEVIN H. SHARP
United States District Judge