IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN FISHER, JR.            )
                            )
    v.                      )    NO. 3:14-1795
                            )
UNITED STATES MARSHALS SERVICE, et al.  )


TO:    Honorable Kevin H. Sharp, Chief District Judge

## REPORT AND RECOMMENDATION

By Order entered September 30, 2014 (Docket Entry No. 19), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

The Plaintiff filed this lawsuit pro se and in forma pauperis on September 3, 2014, seeking relief under 42 U.S.C. § 1983 for violations of his civil rights alleged to have occurred at the Robertson County Detention Center ("RCDC") in Springfield, Tennessee, where he was confined as a federal pretrial detainee at the time the lawsuit was filed. Upon preliminary review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court found that the Plaintiff stated a claim against Southern Health Partners and Dr. Matthews based on allegations that the Plaintiff had not received adequate medical care. See Order entered September 30, 2014 (Docket Entry No. 18). However, the Court dismissed the Plaintiff's claims against the United States Marshals Service and the Robertson County Jail, as well as his First Amendment claim for denial of access to court. Id.

By Order entered December 5, 2014 (Docket Entry No. 37), the Court noted that review of the case indicated that the Plaintiff had not yet returned service packets for the Defendants as the Court directed in the Order entered September 30, 2014. The Court directed that the Clerk re-send to the Plaintiff service packets for the Defendants and gave the Plaintiff thirty (30) days from entry of the Order to return completed service packets for the Defendants. The Plaintiff was warned in the December 5, 2014, Order that his failure to return the completed service packets within the time required could jeopardize his prosecution of this action.

By Order entered March 10, 2015 (Docket Entry No. 50), the Court granted the Plaintiff's motion for an extension of time to return completed service packets and set a deadline of March 31, 2015, for the Plaintiff to return completed service packets to the Court so that process could issue to the Defendants. The Plaintiff was again advised of the consequences of his failure to timely return service packets.

The Plaintiff has not returned completed service packets as directed by the Court and the Defendants have not been served in this action in the approximately seven months that have passed since the Court's initial order directing that the Plaintiff complete service packets for the Defendants. Furthermore, although the Plaintiff was informed in the Order entered September 30, 2014, of his obligation to keep the Court informed of his current address, his current location of incarceration is unknown and the most recent mail sent to the Plaintiff at his last known address has been returned as undeliverable. See Docket Entry Nos. 52 and 53.[1]

---

[1]After filing his lawsuit, the Plaintiff was transferred from the RCDC to the Criminal Justice Center ("CJC") in Nashville, Tennessee. On October 21, 2014, he pled guilty to two counts of mail fraud, and, on January 30, 2015, he was sentenced to the custody of the United States Bureau of Prisons to serve a term of sixty (60) months imprisonment. See Docket Entry Nos. 101 and 137, United States of America v. John Fisher, No. 3:13-00091.

Rule 4(m) of the Federal Rules of Civil Procedure requires that the Defendants be served with process within 120 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "shall dismiss" the action without prejudice. It is also well settled that Federal trial courts have the inherent power to manage their own dockets, Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. See Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980). The Court has directed the Plaintiff on three occasions to return completed service packets for the Defendants. The action cannot proceed in the absence of returned service packets from the Plaintiff. Given the Plaintiff's failure to take the steps necessary to serve the Defendants with process, the Court finds that dismissal of the action is warranted.[2]

### R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific

---

[2] This Report and Recommendation provides notice to the Plaintiff of the Court's intention to sua sponte dismiss the action under Rule 4(m), and the fourteen day period for filing objections provides the Plaintiff with the opportunity to show good cause for why the Defendants have not been served and why the action should not be dismissed.

portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge